# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE DOWNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHENOM PEOPLE, INC.,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT – CLASS AND COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff George Downey, individually and on behalf of all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and information and belief as to other matters, alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated co-workers who have worked as exempt-classified inside salespeople at Defendant Phenom People Inc. ("Phenom") in the United States, in the job title of Sales Development Representatives, and other similar positions, however variously titled (collectively, "Sales Representatives").

2. Phenom is a recruiting and human resources software company with approximately 6 offices around the world. Its global headquarters is in Ambler, Pennsylvania.

3. Phenom sells recruiting and human resources software to business clients worldwide. Phenom employs Sales Representatives, such as Plaintiff, to sell Phenom's products to prospective clients.

4. Phenom requires its Sales Representatives to meet productivity requirements, including monthly sales quotas, forcing Plaintiff and similarly situated employees to work long hours, often in excess of 40 hours per workweek, in order to complete required tasks.

5. While employed by Phenom, Plaintiff consistently worked more than 40 hours per workweek without receiving any overtime compensation. Throughout the relevant period, it was Phenom's policy to deprive Plaintiff of his earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101 *et seq*.

6. During the relevant period, it has been Phenom's policy to uniformly classify Sales Representatives, including Plaintiff, as exempt from federal and state overtime provisions and not to pay Sales Representatives any overtime wages.

7. The primary duties of Sales Representatives are non-exempt. These primary inside sales duties do not vary significantly from one Sales Representative to another.

8. The primary duties of Sales Representatives do not fall under any federal or state law overtime exemption.

9. Sales Representatives have worked overtime hours and are entitled to overtime compensation for all overtime hours worked.

10. Plaintiff brings this action on behalf of himself and similarly situated employees as a collective action against Phenom under the FLSA.

11. Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who presently work for, or have at any time during the three years immediately preceding the filing of this action worked for, Phenom in the United States as Sales Representatives.

12. Plaintiff also brings this action against Phenom pursuant to Rule 23 of the Federal Rules of Civil Procedure as a class action under the PMWA, on behalf of himself and similarly situated Pennsylvania employees who worked for Phenom.

## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

14. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§ 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because Phenom is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### THE PARTIES

*Plaintiff George Downey*

17. Plaintiff Downey is a resident of Philadelphia, Pennsylvania.

18. Mr. Downey was employed by Phenom in its Ambler, Pennsylvania office as a Sales Development Representative from September 2019 to September 2021.

19. At all times relevant to the Class and Collective Action Complaint, Mr. Downey was an "employee" within the meaning of all applicable statutes.

20. Mr. Downey regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40. Illustratively, to the best of his recollection, during the last week of March 2021, Plaintiff Downey worked approximately 5 to 10 overtime hours without overtime compensation.

21. A written consent form signed by Plaintiff Downey is attached hereto as **Exhibit A**.

*Defendant*

22. Phenom is a single company with offices in various countries, including its global headquarters in Ambler, Pennsylvania.

23. Upon information and belief, Phenom is a corporation formed under the laws of the State of Delaware with a principal place of business in Ambler, Pennsylvania.

24. Upon information and belief, Phenom has maintained control, oversight, and direction over its operations and employment practices.

25. At all times hereinafter mentioned, Phenom was Plaintiff's "employer" within the meaning of all applicable statutes.

26. At all relevant times, Phenom maintained control, oversight, and direction over Plaintiff and other Sales Representatives, including timekeeping, payroll, and other employment practices that applied to them.

27. Phenom has applied the same employment policies, practices, and procedures to all Sales Representatives nationwide, including policies, practices, and procedures with respect to the payment of overtime compensation.

28. Phenom's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C § 203(2)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

29. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Phenom as exempt-classified Sales Representatives nationwide within the last three years and who elect to opt into this action ("FLSA Collective").

30. Upon information and belief, there are dozens of current and former Sales Representatives who are similarly situated to Plaintiff and were denied overtime compensation.

31. Plaintiff is acting on behalf of Phenom's current and former Sales Representatives' interests as well as his own interests in bringing this action.

32. Phenom has unlawfully required Plaintiff and other individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked. Upon information and belief, Phenom applied the same unlawful policies and practices to its Sales Representatives nationwide.

33. Phenom has been aware or should have been aware that the law required it to pay Sales Representatives, including Plaintiff and the FLSA collective, an overtime premium of one and one-half times their regular rate of pay for all overtime hours Phenom suffered or permitted

them to work. Upon information and belief, Phenom applied the same unlawful policies and practices to its Sales Representatives nationwide.

34. The FLSA Collective members are readily identifiable and locatable through the use of Phenom's records. The FLSA Collective members should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Phenom.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings the Second Cause of Action under the PMWA on his own behalf and as a class action, pursuant to Rule 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who currently are or have been employed by Phenom in the State of Pennsylvania at any time during the three years prior to the filing of this Class and Collective Action Complaint through the entry of judgment in this case (hereinafter referred to as the "Class" and the "Class Period," respectively).

36. Excluded from the Class are Phenom's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Phenom; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

37. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Phenom.

38. Upon information and belief, the size of the Class is at least 40 individuals.

39. The Second Cause of Action is properly maintainable as a class action under Rule 23(b)(3). Common questions of law and fact exist as to the Class that predominate over any

questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Phenom has unlawfully failed to pay the Class members overtime compensation owed, in violation of the PMWA, 43 P.S. §§ 333.101 *et seq.*, and related regulations; and

    b. The nature and extent of the Class members' injuries and the appropriate measure of their damages under the PMWA.

40. Plaintiff fairly and adequately protects the interests of the Class and has no interests antagonistic to the Class.

41. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

42. Plaintiff and the Class have been equally affected by Phenom's failure to pay proper wages and other violations. Moreover, members of the Class still employed by Phenom may be reluctant to raise individual claims for fear of retaliation.

43. Phenom has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class members were subjected to Phenom's policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.

45. The members of the Class have been damaged and are entitled to recovery as a result of Phenom's common and uniform policies, practices, and procedures.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action – where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

47. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution

of this litigation.

48. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Phenom's practices.

## COMMON FACTUAL ALLEGATIONS

49. Plaintiff and the members of the FLSA Collective and the Class (collectively, "Class Members") have been victims of Phenom's common policy and plan that has violated their rights under the FLSA and the PMWA by requiring Sales Representatives to work in excess of 40 hours per week and denying them overtime compensation. At all times relevant, Phenom's unlawful policy and pattern or practice has been willful.

50. Phenom employs Sales Representative to sell its software products.

51. Sales Representatives' primary duties are and were non-exempt duties, specifically, identifying business opportunities, engaging with potential customers by phone and email, and setting up sales meetings for other sales employees to finalize the sale.

52. The duties of Plaintiff and Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

53. Sales Representatives do and did not meet customers in person but rather spend virtually all of their time performing inside sales work via internet research, phone, and email.

54. Although Plaintiff and other Sales Representatives are and were eligible to earn commissions based on various performance indicators, these commissions did not constitute most of their earnings.

55. Throughout their employment, Plaintiff and Class Members consistently worked more than 40 hours per week.

56. Phenom sets sales quotas and monthly productivity metrics for Sales Representatives to meet.

57. Plaintiff worked and Sales Representatives worked and work overtime hours to meet Phenom's job requirements, identify and meet with potential customers to sell them Phenom's products, and attempt to meet the sales quotas and metrics Phenom sets.

58. All of the work performed by Class Members was assigned by Phenom, and Phenom was aware that Plaintiff and Class Members worked more than 40 hours per workweek, yet Phenom failed to pay them any overtime compensation.

59. Phenom did not keep accurate record of hours worked by Plaintiff and Sales Representatives.

60. Upon information and belief, Phenom has and had a policy and pattern or practice of requiring Plaintiff and Class Members to work in excess of 40 hours per week, without overtime compensation.

61. Phenom failed to pay Plaintiff and failed and fails to pay Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

62. Phenom failed to pay Plaintiff and failed and fails to pay Class Members compensation for all of their overtime hours worked, including for any of the overtime hours they worked over 40 in a workweek.

63. Phenom failed to timely pay Class Members all wages due and payable, including overtime, on days designated in advance by the employer as regular pay days.

64. As part of its regular business practice, Phenom has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and the PMWA.

65. Phenom's policy and pattern or practice includes but is not limited to:

   a. Willfully misclassifying Plaintiff and Class Members as exempt from the protections of federal and state overtime laws;

   b. Willfully failing to record all of the time that its employees, including Plaintiff and Class Members, worked for the benefit of Phenom;

   c. Willfully failing to keep payroll records as required by the FLSA; and

   d. Willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for all of the overtime hours that they worked.

66. Phenom was or should have been aware that that the federal and state wage and hour laws required Phenom to pay its Sales Representatives overtime compensation for all hours

worked in excess of 40 per week.

67. Phenom was aware, or should have been aware, that Plaintiff and other Sales Representatives' primary duties were sales-related tasks, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

68. Plaintiff sent Phenom a written correspondence on August 7, 2023 regarding Plaintiff's overtime claims.  Upon information and belief, Phenom did not thereafter change its practice of classifying Sales Representatives as exempt employees.

69. Phenom's failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith. Phenom did not ensure that its compensation practices with respect to Plaintiff and other Sales Representatives complied with federal or state law.

70. Phenom's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

73. Phenom employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times his regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

74. Plaintiff has expressed his consent to make these claims against Phenom by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

75. Phenom failed to make a good faith effort to comply with the FLSA with respect to

its compensation to Plaintiff and the FLSA Collective.

76. Because Phenom's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective have incurred damages thereby and Phenom is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### PMWA – Overtime Wages
### 43 P.S. §§ 333.101 *et seq.*
### (Brought by Plaintiff Individually and on Behalf of the Class)

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Pennsylvania law requires employers, such as Phenom, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek.

80. Plaintiff and Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

81. At all relevant times, Plaintiff and Class members worked in excess of 40 hours in a workweek.

82. At all relevant times, Phenom failed and refused to pay Plaintiff and Class members overtime compensation for all of their overtime hours worked.

83. The PMWA requires that covered employees be compensated for all hours worked. 43 P.S. § 333.104(a); 34 Pa. Code § 231.21(b).

84. The PMWA also requires that covered employees be compensated for all hours worked over 40 hours per week at a rate not less than one and one-half times the regular hourly rate at pay at which they are employed. 43 P.S. § 333.104(c); 34 Pa. Code § 231.41.

85. Defendant is subject to the wage requirements of the PMWA because it is an

employer under 43 P.S. § 333.103(g).

86. Defendant's compensation scheme that is applicable to Plaintiff and the Class failed to comply with 43 P.S. § 333.104 and 34 Pa. Code § 231.41.

87. As a direct and proximate result of Phenom's unlawful conduct, as set forth herein, Plaintiff and Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Phenom in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, and statutory penalties pursuant to 43 P.S. § 333.113.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, requests the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. An award of damages, according to proof, including liquidated damages, to be paid by Phenom;

C. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Phenom from continuing its unlawful practices under the FLSA and/or a declaration that Phenom's acts violate the FLSA;

D. A reasonable service award for Plaintiff to compensate him for the time he spent attempting to recover wages for the FLSA Collective and for the risks he took in doing so;

E. Costs of the action incurred herein;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Pre and post-judgment interest, as provided by law; and

  H. Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, requests the following relief:

  A. Certification of this action as a class action on behalf of the Class;

  B. Designation of Plaintiff as the Representative of the Class he seeks to represent;

  C. Designation of Plaintiff's counsel of record as Class Counsel for the Class;

  D. Appropriate statutory penalties;

  E. An award of damages, liquidated damages, and restitution to be paid by Phenom according to proof;

  F. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Phenom from continuing its unlawful practices under the PMWA and/or a declaration that Phenom's acts violate the PMWA;

  G. A reasonable service award to compensate Plaintiff for the time he spent attempting to recover wages for Class members and for the risks he took in doing so;

  H. Attorneys' fees and costs of suit;

  I. Prejudgment and post-judgment interest, as provided by law; and

  J. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 27, 2023

Respectfully submitted,

/s/ *Deirdre A. Aaron*
Deirdre A. Aaron (PA Bar No. 323389)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Tel.: (215) 866-1551
Email: daaron@winebrakelaw.com

Melissa L. Stewart*
Emma R. Janger*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.: (212) 245-1000
Fax: (646) 509-2060
Email: mstewart@outtengolden.com
Email: ejanger@outtengolden.com

Pooja Shethji*
OUTTEN & GOLDEN LLP
1225 New York Avenue NW, Suite 1200B
Washington, DC 20005
Tel.: (202) 847-4400
Fax: (646) 952-9114
Email: pshethji@outtengolden.com

* *Pro hac vice* application forthcoming

Attorneys for Plaintiff and the Proposed Class and Collective